IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JENNIFER F. TEMPLE, | ) | 8:14CV273 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CHADRON COMMUNITY | ) | |
| HOSPITAL AND HEALTH | ) | |
| SERVICES, and PRAIRIE PINES | ) | |
| LODGE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on review of Plaintiff Jennifer Temple's Complaint (Filing No. 1). Plaintiff was granted leave to proceed in forma pauperis in this matter. The court now reviews the Complaint in accordance with 28 U.S.C. § 1915(e).

## I. SUMMARY OF COMPLAINT

Temple, a Native American female, filed her Complaint against Chadron Community Hospital and Health Services and Prairie Pines Lodge. Temple alleged she worked for Prairie Pines Lodge, which is owned by Chadron Community Hospital and Health Services, for approximately 10 years. Liberally construed, Temple brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a). Plaintiff attached two charges of discrimination to her Complaint, which she filed with the Nebraska Equal Opportunity Commission ("NEOC")/Equal Employment Opportunity Commission ("EEOC"). Plaintiff generally alleged in the Complaint and two charges of discrimination that her supervisor and coworkers harassed her because she is Native American and because she is disabled. As best as the undersigned judge

can tell, Plaintiff identified her disability as "psychotic [with] depression." (Filing No. 1 at CM/ECF p. 3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION

Temple attached two charges of discrimination to her Complaint. One was filed with the NEOC/EEOC on November 13, 2013 (Filing No. 1 at CM/ECF p. 9), and the other was filed February 10, 2014 (*id.* at CM/ECF p. 8). The charges of discrimination describe different instances of discrimination and retaliation. Temple

did not set forth the date on which she received right-to-sue notices from the NEOC/EEOC with respect to either charge of discrimination.

Both Title VII and the ADA require a plaintiff to exhaust her administrative remedies by first seeking relief through the NEOC or the EEOC. 42 U.S.C.A. § 2000e-5(f)(1); 42 U.S.C. § 12117(a). The NEOC/EEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the NEOC/EEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C.A. § 2000e-5(f)(1); *see also* Hanenburg v. Principal Mut. Life Ins. Co., 118 F.3d 570, 573 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on her charge. 42 U.S.C.A. § 2000e-5(f)(1).

Here, it is unclear whether Temple filed suit in a timely manner in this court. On the court's own motion, the court will give Temple 30 days in which to notify the court of the dates on which she received right-to-sue notices from the NEOC/EEOC with respect to her charges of discrimination.

To be clear, Temple must notify the court in writing of the date on which she received a right-to-sue notice in response to her charge of discrimination dated November 13, 2013 (*see* Filing No. 1 at CM/ECF p. 9). To the extent Temple did not file suit within 90 days of her receipt of the right-to-sue notice, she must show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period.

Temple must also notify the court in writing of the date on which she received a right-to-sue notice in response to her charge of discrimination dated February 10, 2014 (*see id.* at CM/ECF p. 8). To the extent Temple did not file suit within 90 days of her receipt of the right-to-sue notice, she must show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period.

IT IS THEREFORE ORDERED that:

1. Temple will have 30 days from the date of this Memorandum and Order to notify the court in writing of the date on which she received a right-to-sue notice in response to her charge of discrimination dated November 13, 2013 (*see* Filing No. 1 at CM/ECF p. 9). To the extent Temple did not file suit within 90 days of her receipt of the right-to-sue notice, she must show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period.

2. Temple will have 30 days from the date of this Memorandum and Order to notify the court in writing of the date on which she received a right-to-sue notice in response to her charge of discrimination dated February 10, 2014 (*see id.* at CM/ECF p. 8). To the extent Temple did not file suit within 90 days of her receipt of the right-to-sue notice, she must show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period.

3. Failure to respond to this Memorandum and Order will result in dismissal of this action without further notice.

4. The clerk's office is directed to set a pro se case management deadline using the following text: January 19, 2015: check for response from Temple.

DATED this 18th day of December, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.