IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JENNIFER F. TEMPLE, | ) | 8:14CV273 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CHADRON COMMUNITY | ) | |
| HOSPITAL AND HEALTH | ) | |
| SERVICES, and PRAIRIE PINES | ) | |
| LODGE, | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on its own motion. Plaintiff Jennifer Temple filed her Complaint (Filing No. 1) in this matter on September 15, 2014. Liberally construed, Temple brings this action under Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act.

    On December 18, 2014, the court conducted an initial review of Temple's Complaint. (Filing No. 6.) The court determined it was unclear whether Temple filed her suit in a timely manner. The court ordered Temple to notify the court in writing of the dates on which she received her right-to-sue notices from the Nebraska Equal Opportunity Commission ("NEOC")/Equal Employment Opportunity Commission ("EEOC"). (Filing No. 6 at CM/ECF pp. 3-4.)

    Temple filed a supplementary pleading on December 29, 2014, that included the right-to-sue notices she received from the NEOC/EEOC. (Filing No. 7.) These documents show that Temple filed suit within 90 days of her receipt of her right-to-sue notices. *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a). Accordingly, it appears Temple's lawsuit was timely filed and her claims against Defendants may proceed to service of process. The court cautions Temple that allowing her claims to proceed to service of process is not a determination of the merits of her claims or potential defenses to them.

IT IS THEREFORE ORDERED that:

1. This matter may proceed to service of process against Chadron Community Hospital and Health Services and Prairie Pines Lodge.

2. The clerk of the court is directed to send to Temple a copy of the Complaint, a copy of this Memorandum and Order, and two summons forms and two USM 285 Forms. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 120 days of filing the complaint. However, Temple is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

3. If requested to do so in this matter, the United States Marshal will serve all process in this case without prepayment of fees from Temple. In making such a request, Temple must complete the USM 285 forms to be submitted to the clerk of the court with the completed summons forms. Without these documents, the United States Marshal will not serve process. Upon receipt of the completed forms, the clerk of the court will sign the summons forms and forward them to the Marshal for service on Defendant, together with a copy of the Complaint.

4. The clerk of the court is directed to set a pro se case management deadline in this case with the following text: June 23, 2015: Check for completion of service of summons.

DATED this 23rd day of February, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.