IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JENNIFER F. TEMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV273 |
| | ) | |
| v. | ) | |
| | ) | |
| CHADRON COMMUNITY | ) | **MEMORANDUM** |
| HOSPITAL AND HEALTH | ) | **AND ORDER** |
| SERVICES and PRAIRIE PINES | ) | |
| LODGE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a pro se litigant, brings this action for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101 to 48-1125. Plaintiff alleges that her supervisor and coworkers harassed her, and eventually terminated her employment, because she is Native American and disabled.

Defendant Chadron Community Hospital and Health Services ("Chadron Hospital") has filed a Motion to Drop Improperly Named Defendant or, in the Alternative, to Dismiss (Filing 14) as to named defendant Prairie Pines Lodge for the reason that Prairie Pines Lodge is "an unincorporated department with[in] Chadron Hospital" and it therefore "lacks the legal capacity to be sued." (Filing 14 at CM/ECF p. 1.) *See, e.g., U.S. v. ITT Blackburn Co.*, 824 F.2d 628, 631 (8th Cir. 1987) ("In their briefs, both parties appear to concede that an unincorporated division [of a corporation] cannot be sued or indicted, as it is not a legal entity. We accept this as valid." (citing

cases from other circuits)).[1] Plaintiff has not responded to Chadron Hospital's motion.[2]

"To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice 'to state a claim to relief that is plausible on its face.'" *Northstar Indus., Inc. v. Merrill Lynch & Co.*, 576 F.3d 827, 832 (8th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's complaint alleges that the job from which she was terminated was in "Housekeeping @ the Prairie Pine Lodge owned by Chadron Community hospital and health services." (Filing 1, Complaint at CM/ECF p. 2.) She claims that she "worked *for the respondent* at Prairie Pine Lodge" and that the United States district courts must "resolve . . . their, Chadron Community hospital[']s mis-treatment and law violations." (Filing 1 at CM/ECF p. 5 (emphasis added).) Plaintiff's charges of discrimination filed with the Nebraska Equal Opportunity Commission—and attached to her complaint—separately list both the Chadron Hospital and Prairie Pines Lodge as the "EMPLOYER . . . WHO DISCRIMINATED AGAINST ME." While Plaintiff's charges of discrimination allege that the Chadron Hospital has "15-100 Employees," the charges leave blank the "NUMBER OF EMPLOYEES" at Prairie Pines Lodge. (Filing 1 at CM/ECF pp. 8-10.)

"Title VII imposes liability for employment discrimination only on an

---

[1] Chadron Hospital has attached a declaration from its CEO describing the corporate and operational structure of Chadron Hospital and its departments. (Filing 15-1.) I have not considered this declaration in making my decision under Fed. R. Civ. P. 12(b)(6).

[2] "Failure to file an opposing brief is not considered a confession of a motion but precludes the opposing party from contesting the moving party's statement of facts." NECivR 7.1(b)(1)(C).

'employer.' 42 U.S.C. § 2000e-2(a). An employer is defined as 'a person engaged in an industry affecting commerce who has fifteen or more employees [during a certain time period.]' 42 U.S.C. § 2000e(b); *see also* Neb. Rev. Stat. § 48-1102(2)[3] (utilizing a similar definition for employer)." *Davis v. Ricketts*, 765 F.3d 823, 826 (8th Cir. 2014). Title VII's "threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006).

Similarly, under the ADA, the term "employer" means "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year . . . ." 42 U.S.C. § 12111(5)(A). "The 'employer' status of a defendant is an essential element of any claim brought under the . . . ADA." *Nugara v. Nebraska Ass'n of Pub. Employees*, No. 4:09CV3212, 2011 WL 2680480, at *5 (D. Neb. July 8, 2011) (Kopf, J.).

Here, Plaintiff has not alleged sufficient facts to show that Prairie Pines Lodge was her "employer" within the meaning of Title VII, the ADA, or the NFEPA. Plaintiff does not allege that Prairie Pines Lodge has any employees whatsoever; Plaintiff describes her former job as "Housekeeping @ the Prairie Pine Lodge owned by Chadron Community hospital and health services"; she claims that she "worked *for the respondent* at Prairie Pine Lodge"; and she alleges that the United States district courts must "resolve . . . Chadron Community hospital[']s mis-treatment and law violations."

Because Plaintiff has failed to allege that Prairie Pines Lodge was her "employer" within the meaning of the acts under which she has elected to proceed, Plaintiff has failed to allege an element of her claims for relief under those acts. Therefore, the court cannot draw the reasonable inference that Prairie Pines Lodge is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6),

---

[3]This provision is part of the Nebraska Fair Employment Practice Act. Because the Nebraska legislature patterned the NFEPA after Title VII, Plaintiff's Title VII and NFEPA claims can be analyzed together. *Davis v. Ricketts*, 765 F.3d at 827.

and Prairie Pines Lodge must be dismissed as a defendant[4] with prejudice.[5]

IT IS ORDERED that defendant Chadron Community Hospital and Health Services' Motion to Drop Improperly Named Defendant or, in the Alternative, to Dismiss (Filing 14) as to named defendant Prairie Pines Lodge is granted, and Prairie Pines Lodge is dismissed as a party to this lawsuit with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

DATED this 26th day of August, 2015.

BY THE COURT:
*Richard G. Kopf*
Senior United States District Judge

---

[4] I shall not grant leave to amend the complaint because Plaintiff has not moved to do so. "'A district court does not abuse its discretion in failing to invite an amended complaint when plaintiff has not moved to amend and submitted a proposed amended pleading." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 787 (8th Cir. 2009) (quoting *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002)). When a plaintiff does not move to amend and specify proposed new allegations, "the district court [is] not required to engage in a guessing game." *Meehan*, 312 F.3d at 914. "All civil litigants are required to follow applicable procedural rules." *Id*.

[5] Dismissal of a complaint for failure to state a claim on which relief could be granted is a disposition on the merits and "for this reason is with prejudice." *Reed v. Sturdivant*, 176 F.3d 1051, 1054 (8th Cir. 1999). *See also Ahmed v. United States*, 147 F.3d 791, 797-98 (8th Cir. 1998) ("a dismissal for failure to state a claim upon which relief can be granted is an adjudication on the merits").

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.