IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JENNIFER F. TEMPLE,

            Plaintiff,

vs.

CHADRON COMMUNITY HOSPITAL AND
HEALTH SERVICES,

            Defendant.

8:14CV273

ORDER

At the defendant's request, the court scheduled a telephonic hearing to discuss scheduling the plaintiff's deposition. (Filing No. 28). The pro se plaintiff then moved for appointment of counsel. (Filing No. 29).

A telephonic hearing was held on the record on December 2, 2015. (Filing No. 31). During the course of that call, the plaintiff asked for a new judge. This demand is construed as an oral motion for recusal. (Filing No. 32).

After hearing the parties' respective versions of their discussions, the court finds Plaintiff has been uncooperative in scheduling her deposition. Plaintiff states she will not be deposed, or at least not without an attorney present. She strenuously argues that she has the right to counsel in this litigation.

A civil litigant has no constitutional or statutory right to a court-appointed attorney. The court may, however, make such an appointment at its discretion. Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996). A trial court has broad discretion to decide whether both a pro se party and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the pro se party's ability to investigate the facts and present or defend the claims. Id. The court may also consider whether the plaintiff has made reasonable efforts to retain counsel before requesting a court-appointed attorney.

Considering all these factors, the court finds appointment of counsel is not warranted in this case. Plaintiff's complaint alleged employment discrimination. The claims and defenses at issue are not factually or legally complex, the plaintiff is able to adequately litigate her claims and defenses, and she has failed to show that she made reasonable efforts to locate an attorney without court assistance. Id. See also, 28 U.S.C § 1915 (a).

Plaintiff was clearly unhappy when the court stated Plaintiff she must make herself available to be deposed and that her request for appointed counsel would be denied. Stating the undersigned magistrate judge lacks a requisite understanding of the law, Plaintiff asked for a different judge.

"A party introducing a motion to recuse carries a heavy burden of proof." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003). Every judicial officer must satisfy herself that she is capable of handling an assigned case. The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion. In deciding whether to recuse herself, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning her competence might be seeking to avoid the adverse consequences of her presiding over their case. In re Kansas Public Employees Retirement System, 85 F.3d 1353, 1358 (8th Cir. 1996) (quoting In re Drexel, 861 F.2d 1307, 1312 (2d Cir. 1988). See also, United States v. Balistrieri, 779 F.2d 1191, 1202-03 (7th Cir. 1985) (decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge.) "[T]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." Cheney v. U.S. Dist. Court for Dist. of Columbia, 541 U.S. 913, 924 (2004); O'Bannon v. Union Pac. R.R. Co., 169 F.3d 1088, 1091 (8th Cir.1999); Lunde v. Helms, 29 F.3d 367, 370 (8th Cir. 1994).

A judge must recuse herself if her "impartiality might reasonably be questioned," (28 U.S.C. §455(a)), but she has an equal obligation not to recuse herself when there is no reason to do so. Southwestern Bell Telephone Co. v. F.C.C, 153 F.3d 520, 523 (8th Cir. 1998). As the legislative history of 28 U.S.C. §455 explains, disqualification must have a reasonable basis.

Nothing in this legislation should be read to warrant the transformation of a litigant's fear that a judge may decide a question against her into a "reasonable fear" that the judge will not be impartial. Litigants are not entitled to a judge of their own choice. House Report No. 93-1453, adopting Senate Report No. 93-419, 3 U.S.Code Cong. & Admin. News, 93rd Cong., 2d Sess. 1974, pp. 6351-6363 at 6355.

My decisions in this case are based on the law and evidence presented. Judicial rulings alone almost never constitute a valid basis for recusing a judge. Liteky v. United States, 510 U.S. 540, 554 (1994).

Accordingly,

IT IS ORDERED:

1) Plaintiff's motion for appointed counsel, (Filing No. 29), is denied.

2) Plaintiff's oral motion to recuse and for appointment of a different judge, (Filing No. 32), is denied.

3) Plaintiff shall cooperate with scheduling her deposition, and shall make herself available to be deposed by the defendant by no later than January 4, 2016. Plaintiff is hereby notified that her failure to cooperate with scheduling her deposition, attend a noticed deposition, or appropriately respond to deposition questioning may result in dismissal of this lawsuit for want of prosecution, or as a discovery sanction, without further notice.

December 3, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge